[Civil No. 2708.   Filed December 17, 1928.]

[272 Pac. 639.]

STATE, Appellant, v. FRED H. BIXBY, Appellee.

Mr. John W. Murphy, Attorney General, Mr. Earl Anderson, Assistant Attorney General, and Messrs. Struckmeyer, Jennings & Strouss, Special Counsel, for the State.

Mr. D. B. Morgan, for Appellee.

ROSS, C. J.—This action was instituted by plaintiff, Fred H. Bixby, against the State of Arizona to quiet his title to a strip of land being used by the defendant for a public highway, and extending in an easterly and westerly direction for one-half mile across plain-

tiff's quarter-section, to wit S.½ NE.¼ and the N.½ SE.¼ of section 22, township 1 north, range 6 east. The plaintiff concedes defendant has a right of way across his premises 66 feet wide along the median line of said section 22, but defendant claims, and has appropriated for such use, 100 feet in width across his premises along said median line. The controversy is over the 44 extra feet.

The defendant bases its claim upon a title acquired by Maricopa county, in 1917, in condemnation proceedings against the then owner, one J. S. Maddox, and thereafter surrendered or transferred by the county to the state.

The court made written findings of fact and conclusions of law, and entered judgment thereon quieting plaintiff's title to the 44 feet. The defendant has appealed.

The correctness of the findings of fact and conclusions of law is made the basis of the assignments. An examination of the evidence satisfies us that the right of way over the premises obtained by Maricopa county in 1917 is not the same right of way defendant now occupies and claims. One of the findings is:

"That the record comprising road proceedings had before the Board of Supervisors of Maricopa County, Arizona, in 1917, is uncertain, ambiguous and indefinite as to the description and location of the proposed road."

The taxpayers' petition provided by paragraph 5057 of the Civil Code 1913, for the establishment of road, and the subsequent notices based thereon, describe it as commencing at the east bank of the Eastern Canal, and running thence due east through sections 21, 22, 23 and 24 to the east line of Maricopa county, 100 feet wide—50 feet on each side of the center line of said road. The report of the viewers locates the road on "section line," but, for purposes

of damages to be paid owners, appraises the south 50 feet of the NE.¼ and the north 50 feet of the SE.¼ of section 22.

The map of the survey and location of the road filed with the county recorder of Maricopa county shows the right of way actually appropriated in 1917 to be several hundred feet north of the median line of section 22, or near the center of the S.½ NE.¼. The correctness of this map was verified by the oral testimony of the county surveyor who made it, and also the road supervisor who had charge of this piece of road at the time it was located.

In 1921 or 1922 this road, which had theretofore been a county road and known as the Roosevelt Road, was taken over by the state and renamed the Mesa-Superior highway, and relocated on the median line of section 22.

Negotiations for the new right of way were carried on between the board of supervisors of Maricopa county and J. S. Maddox, the then owner of the land in question, and on April 10, 1922, the latter, as the party of the first part, executed a deed conveying to the county a strip of land 66 feet in width, running through the center of section 22, for the consideration of $1.00 "and the further consideration of the agreement upon the part of the party of the second part to quitclaim unto the party of the first part the land heretofore used as a public road, running across the S.½ NE.¼ Sec. 22, T. 1–N, R. 6–E, G. & S. R. M. . . ."

The court found that Maricopa county, in acquiring the new right of way, was acting for and in behalf of the defendant state, and that such right of way was a strip of land 66 feet in width—33 feet on each side of the median line of section 22.

Plaintiff became the owner of premises by purchase from Maddox in the early part of 1926, subject to

the right of way described in the deed from his grantor to Maricopa county, of date April 10th, 1922.

We know of no law that would prevent or forbid the changing of the location of the servitude or its extent by mutual consent of the owners of the servient and dominant estates, and that is exactly what was done in this case. In the face of such amicable composition of their differences, the condemnation proceedings of 1917 became immaterial except to explain and elucidate the facts leading up to the final settlement of April 10th, 1922. The evidence shows that the road was built and graded, at least originally, upon the assumption that the state's right of way was limited to the 66 feet.

What we have said disposes of all the assignments.

The defendant raised other questions by its answer, but has not preserved them by way of assignment here, and we therefore will not notice them.

We do not see how, under the circumstances, the judgment could have been for the defendant. It is accordingly affirmed.

LOCKWOOD and McALISTER, JJ, concur.